UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STERILE CONTAINMENT
TECHNOLOGIES, LLC,

    Plaintiff,

    v.

NELSON LABORATORIES, INC.,

    Defendant.

_____/

No. C 06-3852 PJH

**ORDER DENYING MOTION TO DISMISS IN PART, GRANTING MOTION TO DISMISS IN PART AND DENYING MOTION TO STRIKE**

Defendant's motion to dismiss plaintiff's third and fourth causes of action and defendant's motion to strike came on for hearing before this court on September 27, 2006. Plaintiff, Sterile Containment Technologies, LLC ("plaintiff") appeared through its counsel, Jefford C. Davis. Defendant Nelson Laboratories, Inc. ("defendant") appeared through its counsel, James Belshe. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, the court hereby DENIES defendant's motion to dismiss plaintiff's third cause of action, GRANTS defendant's motion to dismiss plaintiff's fourth cause of action with leave to amend, and DENIES defendant's motion to strike, for the reasons stated at the hearing, and summarized as follows:

    1.    Defendant's motion to dismiss plaintiff's third cause of action for breach of the implied covenant of good faith is DENIED. Although California law is clear that tort damages for the implied covenant of good faith are only available in the insurance and employment contexts, contractual damages are available. See Foley v. Interactive Data

1 Corp., 47 Cal. 3d 654, 692-693 (1988); Guz v Bechtel Nat'l. Inc., 24 Cal. 4th 317, 352
2 (2000) (a claim for breach of the implied covenant of good faith may be allowed to stand
3 where the remedy is contract or economic damages).  Plaintiff has made sufficient
4 allegations to state a claim for contractual damages. See Carma Developers (Calif.) v.
5 Marathon Dev. Calif., 2 Cal. 4th 342, 371 (1992) (every contract contains an implied
6 covenant of good faith that each party will (1) do everything the contract contemplates to
7 accomplish the purpose of the contract, and (2) do nothing to deny the other party of the
8 benefits of the contract).

9     2. Defendant's motion to dismiss plaintiff's fourth cause of action for breach of
10 fiduciary duty is GRANTED.  Plaintiff has failed to allege that an actionable fiduciary
11 relationship exists between the parties, or the underlying facts necessary to support such a
12 claim.  See Wolf v. Sup. Ct., 107 Cal. App. 4th 25, 30 (2003) (traditional fiduciary
13 relationships include trustee/ beneficiary, directors and majority shareholders of a
14 corporation, business partners, joint adventurers and agent/principal).  Although plaintiff
15 asserts that a fiduciary relationship exists based on plaintiff and defendant's relationship as
16 "testing partners," it has failed to support this assertion with any legal authority.  Plaintiff is,
17 however, granted 20 days from the date of the hearing in which to amend its complaint in
18 order to allege a qualifying fiduciary relationship.

19     3. Defendant's motion to strike references to the letter from the FDA of
20 December 2004 ("FDA letter") is DENIED.  The court finds that the defendant's argument
21 raises essentially a question of admissibility, and is more appropriately addressed in a
22 dispositive motion or at trial.  See Le Duc v. Kentucky Central Life Ins. Co., 814 F.Supp.
23 820, 830 (ND CA 1992) (allegations supplying evidence in a case should not be stricken
24 unless defendant can show undue prejudice).  However, plaintiff shall amend its complaint
25 to eliminate the allegation that the FDA letter provided defendant with "actual notice" that
26 the testing "that was being performed" for plaintiff was substandard, as this allegation is
27 factually impossible based on the other allegations in the complaint.  See Complaint, p. 11,
28 line 8-15.  Any such amendment must be made within 20 days of the date of the hearing.

In conclusion, the court hereby (1) DENIES defendant's motion to dismiss plaintiff's third cause of action; (2) GRANTS defendant's motion to dismiss plaintiff's fourth cause of action with leave to amend within 20 days from the date of the hearing; and (3) DENIES defendant's motion to strike references to the FDA letter in the complaint except as set forth above. No other amendments are permitted.

IT IS SO ORDERED.

Dated: October 4, 2006

PHYLLIS J. HAMILTON
United States District Judge