JEFFORD C. DAVIS (CSB No. 187814)
LAW OFFICES OF JEFFORD C. DAVIS
238 S. Orange Avenue, Suite 201
Brea, California  92821
Telephone:  (714) 255-0145
Facsimile:   (714) 529-0208

Attorneys for Plaintiff
STERILE CONTAINMENT TECHNOLOGIES, LLC

LARRY R. LAYCOCK (*Admitted Pro Hac Vice*)
    llaycock@wnlaw.com
STERLING A. BRENNAN (CSB No. 126019)
    pfreeman@wnlaw.com
JAMES B. BELSHE (*Admitted Pro Hac Vice*)
    jbelshe@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

NORMAN J. ROGER (CSB No. 62554)
    nroger@rshllp.com
ROGER, SCOTT & HELMER, LLP
1001 Marshall Street, Ste 400
Redwood City, CA 94063
Telephone:  (650) 365-7500

Attorneys for Defendant
NELSON LABORATORIES, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STERILE CONTAINMENT TECHNOLOGIES, INC., a California Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>NELSON LABORATORIES, INC., a Utah Corporation,<br><br>    Defendant. | Case No. C06-03852 PJH<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |

[PROPOSED] STIPULATED PROTECTIVE ORDER         1         CASE NO. C06-03852 PJH

1    The discovery, pretrial and trial phases of this action may involve disclosure of trade secrets and
2    other confidential and proprietary business, technical and financial information. For good cause shown,
3    IT IS HEREBY ORDERED that:
4        1.    Any party to this action, and any non-party from whom discovery is sought in connection
5    with this action, may designate as "Subject to Protective Order" and
6                            *"Confidential – Outside Counsel Eyes Only"*
7                                            or
8                                    *"Confidential"*
9    any documents, things, interrogatory answers, responses to request for admissions, trial or deposition
10   testimony, or other material that contains material or information that is not publicly known which is
11   produced in this litigation by one party to the other including, without limitation, confidential business
12   information, confidential technology, trade secrets, know-how, proprietary data, confidential research,
13   development or commercial information including, but not limited to, production, sales, shipments,
14   purchases, transfers, identification of customers, inventories, amount or source of any income, profits,
15   losses, or expenditures, agreements, contracts, job information, invoices, orders, things, notes, outlines,
16   compilations, memoranda, operating manuals or instructions, correspondence, reports, records, data,
17   charts, specifications, designs, flowcharts, and software and other written, recorded or graphic material,
18   and which is designated as confidential in the manner described in this Order (hereinafter "Protected
19   Information"). Protected Information includes all such confidential information, whether revealed
20   during a deposition, in a document, in an interrogatory answer, by production of tangible evidence,
21   hearing or trial transcripts, responses to requests for admissions or otherwise made available to counsel
22   for either party in this action.
23       2.    *"Confidential – Outside Counsel Eyes Only"* and *"Confidential"* material, as used in this
24   Order, shall refer to any Protected Information designated pursuant to paragraph 1 above, and all copies
25   thereof, and shall also refer to the information contained in or derived from material designated pursuant
26   to paragraph 1 above, including excerpts, summaries, indices, abstracts, or copies of such material.
27       3.    No designation of materials as *"Confidential – Outside Counsel Eyes Only"* shall be
28   made unless the designated material comprises or contains confidential, highly sensitive technical,

[PROPOSED] STIPULATED PROTECTIVE                        2                          CASE NO. C06-03852 PJH
ORDER

marketing, financial, sales or other business information which could be used by the receiving party to obtain a business (not legal) advantage over the producing party.

    4.    No designation of material as *"Confidential"* shall be made unless the designating party or non-party believes in good faith that the designated material is Protected Information and entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

    5.    Outside counsel of the respective parties, including secretarial, clerical, litigation support and paralegal personnel regularly employed by such outside counsel, may receive, for the purposes of this litigation only, Protected Information designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only."* As used herein, "outside counsel" shall mean, in the case of Sterile Containment Technologies, Inc., attorneys of the firm Law Offices of Jefford C. Davis; and in the case of Nelson Laboratories, Inc., attorneys of the firms of Workman Nydegger and Roger, Scott & Helmer, LLP.

    6.    Third parties, who are not affiliates of or employed by one of the parties, but are specifically retained to assist the attorneys of record or a party in copying or computer coding or imaging of documents, may receive materials designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only,"* but only for purposes of copying or computer coding or imaging Protected Information contained therein.

    8.    The Court and its employees and court stenographers whose function requires them to have access to material designated as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* may receive such materials, but only for purposes of discharging the function which requires them to have access thereto.

    9.    Independent outside experts or consultants and their clerical and support staff specifically engaged by counsel or the parties to assist in this litigation may receive Protected Information designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only,"* subject to the provisions of paragraphs 10 and 11 below.

    10.    Up to five (5) employees, officers or directors of the parties may be designated and permitted to receive Protected Information designated *"Confidential,"* subject to the provisions of paragraphs 11 and 12 below.

    11.    Before any disclosure of Protected Information is made pursuant to paragraphs 9 or 10

above, the following must occur:

 (a) the individual to whom disclosure is to be made must be given a copy of this Order, and the provisions of this Order must be explained to the individual to whom disclosure is to be made by an attorney;

 (b) the individual to whom disclosure is to be made must sign an undertaking in the form of the attached Exhibit A;

 (c) if the individual to whom disclosure is to be made is an expert, a copy of the signed undertaking, a curriculum vitae of the proposed expert, and an identification of any past or present employment or consulting relationship with any party or any related company, must be served by facsimile on opposing counsel of record at least five (5) calendar days before the Protected Information is shown to such expert; and

 (d) if the individual to whom disclosure is to be made is not an expert, or is an employee of either party, a copy of the signed undertaking, and an identification of the employee, officer, or director, including all of their titles and responsibilities, must be served by facsimile on opposing counsel of record at least five (5) calendar days before the Protected Information is shown to such employee, officer, or director.

 (e) disclosure of the identity of an expert pursuant to this Paragraph shall *not* be deemed a waiver of the protections accorded by Fed.R.Civ.P 26(b)(4)(B) or otherwise affect the limitations on discovery from non-testifying experts.

12. Any party may object to the disclosure of Protected Information pursuant to paragraphs 9 or 10 above, within five (5) calendar days of receiving all of the information required to be provided by subparagraph 11(c) or 11(d). The procedure for making and resolving any such objection shall be as follows:

 (a) Any objection made pursuant to this paragraph 12 must be in writing and state the reasons for such objection;

 (b) After written objection is made, no disclosure of Protected Information shall be made to that employee, officer, director or expert until the matter is resolved by the Court or upon agreement of the parties;

[PROPOSED] STIPULATED PROTECTIVE ORDER

4

CASE NO. C06-03852 PJH

      (c)    Within ten (10) calendar days after service of said objection, the objecting party may move the Court for an order denying disclosure of any such Protected Information to any such employee, officer, director or expert as to whom a notice of objection had been served, and failure to timely file such a motion shall operate as a waiver of objection to the disclosure of Protected Information to the employee, officer, director or expert concerning whom the objection was made;

      (d)    The party seeking to disclose Protected Information to the individual concerning whom an objection is made shall have five (5) business days to file an opposition to any motion filed pursuant to the foregoing subparagraph 12(c);

      (e)    Upon motion and briefing as set forth in the foregoing subparagraphs 12(c) and 12(d), the Court shall then make a determination without further briefing, submission or hearing unless expressly ordered by the Court.

13.    Notwithstanding the other provisions of this Order, Protected Information may be used in the course of any deposition of current employees of the party designating such Protected Information.

14.    Notwithstanding the other provisions of this Order, any party or third-party witness may be shown at a deposition or examined on any document containing material designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* if it appears from the face of the document that the witness authored or received a copy of it, or if it is reasonably established that the witness has knowledge of information which is contained in the document and about which the witness is being examined.

15.    In the event that counsel for either party deems it necessary to disclose Protected Information to an officer, employee or agent of their client other than those to whom disclosure is provided for in this Order, the parties agree to negotiate in good faith whether such disclosure may occur and the terms on which such disclosure can occur. In the event the parties are unable to agree, the party seeking disclosure may make application to the Court for such disclosure.

16.    Until or unless the Court rules otherwise, Protected Information and any information derived therefrom, including excerpts, summaries, indices, abstracts or copies thereof, shall be maintained in confidence by the person to whom such material is produced and shall not be disclosed to

any person without the express written consent, or consent on the record, of the producing party, except as set forth above.

17. Any person to whom Protected Information is divulged pursuant to the provisions of this Order is similarly obligated to maintain the confidence of such Protected Information, and not to disclose it to any person other than a person authorized under this Order. All produced Protected Information shall be carefully maintained so as to preclude access by the officers, employees and agents of either party other than those otherwise authorized under this Order.

18. Protected Information shall not be used for any purposes other than this litigation.

19. The parties shall not redact any relevant portions of any document based solely upon alleged confidentiality.

20. In the event a producing party or a third party elects to produce documents or other material for inspection, no markings need be made by the producing party or third party in advance of the inspection. All such documents or other material will be temporarily designated as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* and shall be treated by the receiving party as if they were so marked. After selection by the receiving party of specified documents or material for copying, the producing party without delay shall make its designation under this Order, if any, and the producing party shall ensure that any copies include any designation made by the producing party.

21. Except as otherwise provided herein, no designation shall be effective unless there is placed or affixed on such material a *"Confidential – Outside Counsel Eyes Only"* or *"Confidential"* marking, or unless the parties agree upon some other appropriate methods of designation. The designation *"Highly Confidential Attorneys Eyes Only"* shall have the same meaning and effect as the designation *"Confidential – Outside Counsel Eyes Only."*

22. All Protected Information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated pursuant to the foregoing paragraph 21, shall be designated by the producing party by informing the opposing party in writing.

23. Depositions or portions thereof which contain Protected Information may be designated as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* and shall be separately bound in a confidential volume, marked in accordance with paragraph 1, and shall, if required, be separately filed

as provided herein so as to distinguish such confidential deposition or confidential portions thereof from non-confidential public depositions or public portions thereof.

24. At any deposition session, where appropriate, counsel for a party may temporarily designate as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* the entire deposition transcript. When such a designation is made, all parties shall maintain the entire deposition transcript and all information contained therein as required by such designation *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* until twenty-one (21) calendar days after receipt of a copy of the transcript. During that period, the party desiring to maintain confidentiality must designate in writing those portions of the transcript regarded as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* and only those portions will thereafter be handled and marked in accordance with the provisions of this Order. Designation of material at a deposition as Protected Information shall not, however, operate to exclude a party's representative, not authorized to receive Protected Information, from any part of a deposition except when counsel for a party deems that a question and/or the answer to a question will result in disclosure of Protected Information. Only individuals otherwise authorized to receive such Protected Information under the terms of this Order will be allowed to attend confidential portions of depositions.

25. Material and deposition transcripts produced without the designation of *"Confidential – Outside Counsel Eyes Only"* or *"Confidential"* may be so designated subsequent to production or testimony if the producing party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware of same that the producing party failed to make such designation at the time of production, during the testimony, or during the twenty-one (21) day period after receipt of the transcript through inadvertence, mistake, or error. If discovery material is designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* subsequent to production or testimony, the receiving party promptly shall use reasonable efforts to collect any copies that have been provided to individuals other than those authorized to receive Protected Information so designated under this Order, and shall affix the appropriate designation to any copies that have been provided to individuals authorized to receive Protected Information so designated under this Order.

26. This Order does not limit the documents or testimony which any party may present at

trial. However, should any party seek to present information at trial that another party contends should be treated as *"Confidential – Outside Counsel Eyes Only"*, the party so contending may move the Court to restrict disclosure of such information pursuant to the terms of this Order. No party will contest any other party's right to make such a motion, but all parties reserve all objections to such a motion.

27. If any party objects to a designation hereunder, that party may request the designating party to rescind the designation. If the parties do not agree to rescind the designation, the objecting party may move the Court to order a lower designation, e. g., from *"Confidential – Outside Counsel Eyes Only"* to *"Confidential,"* or de-designation of any material. The designating party shall bear the burden of establishing the need for the *"Confidential – Outside Counsel Eyes Only"* or *"Confidential"* designation.

28. If in the course of this litigation discovery is sought from third parties which would require such parties to disclose and/or produce *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* information, such third parties may gain the protections of this Order by simply agreeing in writing to produce documents pursuant to this Order and to be bound by it, and to be subject to hearing before the court if disputes concerning such discovery arise and cannot be resolved among the parties. No further order of this Court shall be necessary to extend the protections of this Order to third parties.

29. At the conclusion of this case all Protected Information and all materials designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* pursuant to this Order, produced as part of discovery in this action, and all copies thereof, shall be returned to the producing party or, at the option of the receiving party, receiving counsel shall destroy and certify in writing that such material has been destroyed. Outside counsel may retain one copy of any material containing Protected Information marked *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* and one copy of counsel's work product incorporating such Protected Information, which shall remain subject to the provisions of this Order.

30. Pursuant to Local Rules 7-10 and 79-5 of the Northern District of California, a party wishing to file a document or thing containing or embodying Protected Information shall first file a written request to the Court for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored to cover only the document, the particular portion of the

1  document, or category of documents for which good cause exists for filing under seal.

2        31.    The restrictions set forth in any of the preceding paragraphs do not and shall not apply to
3  information or material that:

4        (a)    was, is or becomes public knowledge in a manner other than by violation of this
5  Order;

6        (b)    is acquired by the non-designating party from a third party having the right to
7  disclose such information or material; or

8        (c)    was lawfully possessed by the non-designating party prior to the entry by the
9  Court of this Order.

10       32.    Within forty-five (45) days after entry of this Order, the parties shall, by notice to
11 opposing counsel, designate as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* all
12 deposition transcripts containing Protected Information and any material or information previously
13 produced or made available pursuant to an agreement of counsel.  Until such time as the documents are
14 re-designated, the documents shall be treated as being *"Confidential – Outside Counsel Eyes Only."*

15       33.    Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering
16 advice to his client with respect to this litigation and in the course thereof, relying upon the attorney's
17 examination of Protected Information; provided, however, that in rendering such advice and in
18 otherwise communicating with his client, the attorney shall not disclose any Protected Information.

19       34.    Any discovery documents produced in this litigation may be later designated as
20 "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the producing
21 party that any such privileged or immune document was produced through inadvertence, mistake, or
22 other error, and no waiver or privilege or immunity shall be deemed to have occurred.  Upon such
23 designation, the receiving attorney promptly shall make best efforts to collect all copies of the
24 documents and return them to the producing party.  In the event that the receiving attorney believes in
25 good faith that the producing party cannot properly assert any privilege or immunity with respect to the
26 documents, the receiving attorney must notify the designating attorney in writing and the designating
27 attorney shall within ten (10) days of such notice file a motion to establish that the material is attorney-
28 client privileged; otherwise, the claim of privilege shall be deemed waived.

35.     This Order shall be without prejudice to the right of any party to oppose production of any information for any reason permitted under the Federal Rules of Civil Procedure.

36.     This Order may be amended by the agreement of counsel for the parties in the form of a stipulation, subject to order of the Court.  Any party for good cause may apply to the Court for a modification of this Order.  This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of this Court.

**IT IS SO ORDERED:**                                          **BY THE COURT**

Dated: 11/9/06

_____
Judge Phyllis J. Hamilton
United States District

*IT IS SO ORDERED — Judge Phyllis J. Hamilton*

DATED this 7th day of November, 2006.          LAW OFFICES OF JEFFORD C. DAVIS

By: /s/ Jefford C. Davis

JEFFORD C. DAVIS
Law Offices of Jefford C. Davis
238 S. Orange Avenue, Suite 201
Brea, California  92821

*Attorneys for Plaintiff Sterile Containment Technologies, Inc.*

DATED this 7th day of November, 2006.          WORKMAN NYDEGGER

By: /s/ James B. Belshe

LARRY R. LAYCOCK
STERLING A. BRENNAN
JAMES B. BELSHE
Workman Nydegger
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Fax: (801) 328-1707

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 | J:\1504513\009 Stipulated Protective Order.doc |

NORMAN J. ROGER
Roger, Scott & Helmer, LLP
1001 Marshall Street, Ste 400
Redwood City, CA 94063
Telephone: (605) 365-7500

Attorneys for Defendant
NELSON LABORATORIES, INC

[PROPOSED] STIPULATED PROTECTIVE ORDER

11

CASE NO. C06-03852 PJH