UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STERILE CONTAINMENT
TECHNOLOGIES, LLC,

    Plaintiff,

    v.

NELSON LABORATORIES, INC.,

    Defendant.
_____/

No. C 06-3852 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendant's second motion to dismiss plaintiff's fourth cause of action came on for hearing before this court on December 6, 2006. Defendant Nelson Laboratories, Inc. ("defendant") appeared through its counsel, James Belshe. Sterile Containment Technologies, LLC ("plaintiff") did not appear. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, the court hereby GRANTS defendant's motion to dismiss plaintiff's fourth cause of action for the reasons stated at the hearing, and summarized as follows:

    The court previously granted defendant's motion to dismiss plaintiff's fourth cause of action for breach of fiduciary duty with leave to amend so that plaintiff could plead the existence of a relationship giving rise to such fiduciary duty. In the first amended complaint ("FAC") plaintiff again pleads breach of fiduciary duty and bases this claim on an agency relationship between it and defendant and on defendant's use of the words "confidential and proprietary" on its testing protocols.

    Neither argument has merit. First, although plaintiff alleges the existence of an agency relationship, it alleges no facts that would support a finding that defendant acted as

its agent at any time.  As <u>Michelson v. Hamada</u>, 29 Cal App.4th 1566 (2003), a case cited by plaintiff, points out, "[a]n agent is one who represents another, called the principal, in dealings with third persons."  <u>Id</u>. at 1579.  Not only is there no allegation that defendant undertook to act on plaintiff's behalf with a third party, the undisputed facts, taken from plaintiff's complaint, are that defendant did not submit plaintiff's application to the FDA and that plaintiff received the deficiency notice directly from the FDA.  The allegation that defendant's promotional materials contained the words "testing partner" does not change this result.

Second, defendant's use of the words "confidential and proprietary" on the testing protocols similarly do not give rise to a relationship that would support a finding of fiduciary responsibility on defendant's part.  Rather they suggest a simple relationship of trust that attends any contractual relationship.  <u>See</u> <u>Wolf v. Superior Court of Los Angeles County</u>, 107 Cal. App.25, 31 (2003).

Accordingly, defendant's motion to dismiss the fourth cause of action is GRANTED.  Because plaintiff has already attempted on two occasions to plead a proper claim and because the court finds that a further attempt would be futile based on the facts alleged in the complaint, the dismissal is without leave to amend.

IT IS SO ORDERED.

Dated: December 6, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge